### EDMUND JONES *vs.* THE N. C. RAILROAD COMPANY.

In actions for damages, a party alleging negligence cannot shift the burden of proof to the other side, until he has proved facts, at least, more consistent with negligence than with care;

Therefore, where a Railroad Company is sued for damages by its train to stock, after six months from the time of the injury, not only is the burden of proving negligence on the plaintiff, but he must show facts inconsistent with the probability of care; e. g., that the whistle was not blown.

[*Herring v. W. & W. R. R. Company*, 10 Ire. 402 cited and approved.]

Civil action, tried before *Henry, J.*, at January Special Term, 1872, of the Superior Court of Mecklenburg.

There was a verdict and judgment for the plaintiff, and the defendant appealed.

The facts are stated in the opinion of the Court.

*Vance* and *Dowd,* for the plaintiff.

*J. H. Wilson* and *R. Barringer,* for the defendant,

Cited, *Scott* v. *Wil.<sup>r</sup>& W. R. R. Co.,* 4 Jones, 432, *Herring* v. *Same,* 10 Ire. 402, *Avevy* v. *Saxton,* 13 Ire. 247, and Acts of 1856'–57, chap. 7.

RODMAN, J. The prayer of the defendant was, in substance, for the Judge to decide that, assuming all the evidence to be true, the facts proved did not amount to negligence. It was in effect, though informal, a demurrer to the evidence. The Judge refused the instruction asked for, but told the jury that the burden of proof was on the plaintiff, and left it to them to decide whether there was negligence or not. This was, in effect, to decide that the facts which the evidence tended to prove, if believed to exist, did in law amount to negligence. For when the facts are found, negligence is a question of law.

Thus the question is necessarily presented, Did the facts proved constitute negligence? The material facts are very few. The train of the defendant was proceeding on a down grade, on a track straight for about a mile, in the day time; the plaintiff's horse, being or getting upon the track, ran about two hundred yards in front of the engine, when it was overtaken and killed. It does not appear whether or not the whistle was blown, or any effort made to check the speed of the train, or whether from the declivity of the grade it could have been stopped before reaching the horse, after it was seen that he persisted in remaining on the track; or whether the horse could have got off the track, or was unable to do so by reason of its being in a deep cut, or on a high embankment. It is admitted, the action not having been brought within six months after the injury, that the burden of proving negligence

was on the plaintiff. But it is contended for the plaintiff, that the facts proved shifted the burden to the defendant, and required him to prove care. The truth of that proposition depends entirely upon whether the facts proved constituted negligence; not whether they raised a suspicion, and were consistent with negligence, but whether, from them, the jury could reasonably infer the absence of that ordinary care which the law requires. This is the question accurately stated. For it is familiar law, that it is not sufficient for the party upon whom the burden of proof is, merely to prove facts which are equally consistent with the guilt or innocence of the other party, but he must prove facts which, if not absolutely inconsistent with innocence, (as would be required in a criminal action), are, at least, more consistent with, and the usual accompaniments of guilt.

And a party alleging negligence can never shift upon his adversary the burden of disproving it, until he has given in evidence some fact which, tested by the above rule, is proof of negligence.

Now to apply the rule to the present case. Every fact proved may be true, and yet the defendant *may* have used ordinary care; *may* have blown the whistle; *may* have made efforts to slacken the speed or stop the train, which were unsuccessful by reason of the steepness of the declivity or other cause. Notwithstanding all his efforts to the contrary, the damage *may* have happened. To hold that in such a case the burden is on the defendant to prove care, is to change the rule with which we started, viz, that the plaintiff must prove negligence, to the contrary one, that the defendant must prove care, and for no sufficient reason.

Let us take up each fact proved and see, whether separately or combined they are inconsistent with the probability of ordinary care. What are the facts? 1. The killing of the animal. It is conceded that by implication from the statute, if not by the prior law, that furnishes no presumption of negligence, unless the action be brought within six months.

2. That the horse ran ahead of the train for two hundred yards before being overtaken. On this the following observations may be made: In *Herring* v. *W. & W. R. R. Co.*, 10 Ire. 402, it was held, that it was not the duty of the engineer to stop or slacken his train, when he saw a human being on the track ahead of him, unless he knew that the man was drunk or asleep, or otherwise put out of the general rule. As men in general have the instinct of self-preservation and the power of locomotion, the engineer might reasonably suppose that he would take notice of the danger and get off the track. Under a contrary doctrine, individuals might so embarrass railroads as to make the running of trains practically impossible. The same reasoning will apply, though with somewhat less force, to horses and other animals; they also have the instinct of self-preservation, though combined with less intelligence, and the power of locomotion. It would seem not to be a duty of the engineer to stop or slacken his train, whenever he sees an animal on the track. To do so would greatly impair the usefulness of the road, without a corresponding advantage to any one. But is is admitted to be clearly his duty to blow the whistle, for the purpose of frightening the animal. This precaution is usual, requires no sacrifice, and is generally successful. If it appeared that it was omitted on this occasion, it would clearly be evidence of negligence. But it does not so appear. That the whistle may have been blown is entirely consistent with all the facts proved. So that the question at last resolves itself into this: Was the burden on the plaintiff to prove that the whistle was not blown, or on the defendant to prove that it was? But is conceded that the burden of proving negligence is on the plaintiff, and this answers the question. Until he proves, that the whistle was omitted to be blown (or some similar act) he has not given in evidence any act of negligence.

Judgment reversed.

PER CURIAM.                                    *Venire de novo.*